UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Barbara Curtis, individually as surviving spouse and on behalf of the wrongful death beneficiaries of Randal Lee Curtis, deceased,**<br><br>Plaintiff,<br><br>v.<br><br>**Boulevard Terrace Healthcare LLC d/b/a Viviant Healthcare of Murfreesboro; and Viviant Care Management LLC a/k/a Viviant Healthcare Management LLC,**<br><br>Defendants. | Case No.<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Barbara Curtis, individually as surviving spouse and on behalf of the wrongful death beneficiaries of Randal Lee Curtis, deceased, brings this cause of action against defendants Boulevard Terrace Healthcare LLC d/b/a Viviant Healthcare of Murfreesboro; and Viviant Care Management LLC a/k/a Viviant Healthcare Management LLC, as follows:

1

## PARTIES

1. Plaintiff, a resident of Cannon County, Tennessee, is the surviving spouse of Randal Lee Curtis and has standing to bring this wrongful death action.

2. Defendant Boulevard Terrace Healthcare LLC is, and at all times mentioned herein was, a Tennessee limited liability company doing business in Rutherford County, Tennessee, operating and/or managing Viviant Healthcare of Murfreesboro at 1530 Middle Tennessee Blvd, Murfreesboro TN 37130-5106. Defendant can be served with process through its registered agent, C T Corporation System, at 300 Montvue Rd, Knoxville TN 37919-5510.

3. Defendant Viviant Care Management LLC a/k/a Viviant Healthcare Management LLC is, and at all times mentioned herein was, a Tennessee limited liability company doing business in Rutherford County, Tennessee, operating and/or managing Viviant Healthcare of Murfreesboro at 1530 Middle Tennessee Blvd, Murfreesboro TN 37130-5106. Defendant can be served with process through its registered agent, C T Corporation System, at 300 Montvue Rd, Knoxville TN 37919-5510.

## JURISDICTION AND VENUE

4. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different States. Specifically, Plaintiff is a citizen of Tennessee, and defendants Boulevard Terrace Healthcare LLC and Viviant Care Management LLC are both made up of one individual member who, upon

information and belief, is a citizen of New York.[1] Accordingly, this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Plaintiff gave notice to Defendants of a potential claim at least 60 days in advance of filing this complaint in conformity with the provisions of T.C.A. § 29-26-121, as evidenced by the *Affidavit of Service with Certificate of Mailing* attached hereto as Exhibit A.

7. In the event Defendants believe that Randal Lee Curtis or someone on his behalf has entered into an agreement to arbitrate any issues between them, then pursuant to 9 USCS § 4 Plaintiff demands a trial by jury to resolve all fact issues of whatever nature related to Defendants' claims that a binding arbitration agreement was entered into that would require the submission of the claims raised in this complaint to an arbitrator.

---

[1] A limited liability company is an unincorporated entity that has the citizenship of each partner or member. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

# DEFINITIONS

8. Whenever it is alleged that Defendants did any act or failed to do any act, it is meant that the officers, employees, or agents of Defendants performed, participated in or failed to perform or participate in such acts or things while in the course and scope of their employment or agency relationship with Defendants.

# FACTS

9. Upon information and belief, Randal Lee Curtis was a resident of Viviant Healthcare of Murfreesboro from approximately September 15, 2020 until approximately May 22, 2021.

10. Viviant Healthcare of Murfreesboro represented itself to Mr. Curtis and his family as being capable of providing high quality, compassionate long term care.

11. Mr. Curtis was at risk for the development and worsening of pressure injuries. Defendants were aware of this condition, or reasonably should have been aware, and were required to meet his needs or discharge him to an appropriate facility where his needs could be met.

12. Defendants failed to develop and implement an effective plan for the prevention of development and worsening of pressure injuries.

13. Mr. Curtis was at risk for infections. Defendants were aware of this condition, or reasonably should have been aware, and were required to meet his needs or discharge him to an appropriate facility where his needs could be met.

14. Defendants failed to develop and implement an effective plan for the prevention and timely treatment of infections.

15. Defendants failed to implement a system to ensure that Mr. Curtis was properly monitored and protected from acts of abuse and neglect.

16. Due to the inadequate care of Defendants Mr. Curtis suffered injuries and harm which include, but are not limited to, the following:

    (a)     Pressure injuries;

    (b)     Infections;

    (c)     Delays in care;

    (d)     Abuse and neglect;

    (e)     Severe pain; and

    (f)     Death.

17. The foregoing injuries are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Mr. Curtis's health deteriorated, he required medical treatment, he suffered significant pain, and he died.

**COUNT I – NEGLIGENCE PURSUANT TO THE TENNESSEE MEDICAL MALPRACTICE ACT, TENN. CODE ANN. §29-26-115, ET SEQ.**

18. Defendants owed a duty to their residents, including Mr. Curtis, to render care, services and treatment as a reasonably prudent and similarly situated nursing

5

Case 3:22-mc-09999   Document 1   Filed 01/04/22   Page 5 of 9 PageID #: 5

home would render, including but not limited to, rendering care and services in a safe and beneficial manner.

19. Defendants owed a duty to assist their residents, including Mr. Curtis, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

20. Defendants failed to meet that standard of care and violated their duty of care in their treatment of Mr. Curtis through mistreatment, abuse and neglect. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions:

   (a) Failure to provide and ensure adequate nursing care plans, including necessary revisions, based upon the needs of Mr. Curtis;

   (b) Failure to implement and ensure that an adequate nursing care plan for Mr. Curtis was followed by nursing personnel;

   (c) Failure to provide timely medical intervention to Mr. Curtis;

   (d) Failure to provide nursing personnel sufficient in number to ensure that Mr. Curtis attained and maintained the highest level of physical, mental, and psychosocial well-being;

   (e) Failure to provide care and treatment to Mr. Curtis in accordance with her physicians' orders;

   (f) Failure to properly and timely notify Mr. Curtis's attending physician of significant changes in Mr. Curtis's physical condition;

(g) Failure to adequately and appropriately monitor Mr. Curtis and recognize significant changes in her health status;

(h) Failure to provide treatment for persistent, unresolved problems relating to the care and physical condition of Mr. Curtis, resulting in unnecessary pain, agony and suffering;

(i) Failure to provide timely and adequate nursing intervention to alleviate pain and suffering endured by Mr. Curtis;

(j) Failure to transfer Mr. Curtis to a hospital when he developed symptoms, conditions and illnesses beyond the treatment capabilities of the facility;

(k) Failure to maintain medical records on Mr. Curtis that are complete, accurately documented, readily accessible, and systematically organized with respect to the diagnosis of Mr. Curtis, the treatment of Mr. Curtis, and the assessment and establishment of appropriate care plans for Mr. Curtis.

21. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Mr. Curtis's injuries and death. Mr. Curtis's injuries were all foreseeable to Defendants.

22. Defendants' conduct in breaching the duties they owed to Mr. Curtis was negligent, grossly negligent, willful, wanton, malicious, reckless and/or intentional.

23. The injuries herein described are a direct and proximate result of the acts or omissions as set forth above, singularly or in combination.

24. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any further relief to which he is entitled by law.

## COUNT II – GROSS NEGLIGENCE, WILLFUL, WANTON, RECKLESS, MALICIOUS AND/OR INTENTIONAL MISCONDUCT

25. The longevity, scope and severity of Defendants' failures and actions and their consciously indifferent actions with regard to the welfare and safety of helpless residents, such as Mr. Curtis, constitutes gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct as such terms are understood in law.

26. Such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as Mr. Curtis, entrusted to their care. Moreover, such conduct evinces such little regard for their duties of care, good faith, and fidelity owed to Mr. Curtis as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Mr. Curtis's rights and welfare.

27. As a direct and proximate result of the grossly negligent, willful, wanton, reckless, malicious and/or intentional misconduct of Defendants, Mr. Curtis suffered injuries, resulting treatment, severe pain and death.

28. Plaintiff seeks compensatory and punitive damages in an amount to be determined by a jury, plus costs, and other relief to which he is entitled by law.

# PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

A. For damages to be determined by the jury in an amount adequate to compensate Plaintiff for all injuries and damages sustained;

B. For all general and special damages caused by the alleged conduct of Defendants;

C. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities;

D. For the costs of litigating this case;

E. For a jury to hear this case; and

F. For all other relief to which Plaintiff is entitled under Tennessee law.

Respectfully submitted,

**THE HIGGINS FIRM, PLLC**

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER (#25575)**
**NATHAN H. MAUER (#029690)**
**SARAH L. MARTIN (#037707)**
525 4th Ave. S.
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com
nmauer@higginsfirm.com
smartin@higginsfirm.com

*Counsel for Plaintiff*