THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE – NASHVILLE DIVISION

**State Farm Fire and Casualty Company**
as subrogee of Earl and Julianne Fitz,
**State Farm Mutual Automobile Insurance Company**
as subrogee of Earl and Julianne Fitz, and
**Country Preferred Insurance Company**
as subrogee of Caitlin Fitz and Seth Green

    *Plaintiffs*

v.

**Subaru of America, Inc.**

    *Defendant*

C.A. _____

Jury Demanded

## Complaint

Plaintiffs State Farm Fire and Casualty Company, as subrogee of Earl and Julianne Fitz; State Farm Mutual Automobile Insurance Company, as subrogee of the Fitzs; and Country Preferred Insurance Company as subrogee of Seth Green and Caitlin Fitz; all with proper standing, bring this lawsuit timely against Defendant Subaru of America, Inc., and allege the following:

**Parties**

1. Plaintiffs State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (collectively "State Farm") are Illinois corporations with their principal places of business in Illinois. State Farm-insureds Earl and Julianne Fitz are believed to be Tennessee citizens.

2. Plaintiff Country Preferred Insurance Company is an Illinois Corporation with its principal place of business in Illinois. Country Preferred-insureds Caitlin Fitz and Seth Green are believed to be Illinois citizens.

3. Defendant Subaru of America, Inc. is a New Jersey corporation with its principal place of business at 1 Subaru Drive in Camden, New Jersey. This defendant may be served through its registered agent, CT Corporation System, at 300 Montvue Road in Knoxville, Tennessee.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this claim because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

5. This Court may exercise personal jurisdiction over Subaru because it resides, transacts business, or committed one or more of the acts that support this lawsuit, in Tennessee.

6. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred, and because the real property that is the subject of the lawsuit is located, in Brentwood, Williamson County, Tennessee. *See* 28 U.S.C. § 1391(b)(2).

**Factual Allegations**

7. On or about November 25, 2021, Earl and Julianne Fitz owned the home at 811 Quail Valley Drive in Brentwood, Tennessee.



8. That day, the Fitzs' daughter and son-in-law had their 2021 Subaru Forester 2.5 I AWD, believed to be VIN JF2SKADC5MH554690, parked in the Fitz garage. Bought new in late July 2021, the Forester had less than $4,000 miles on it.

9. Around 6:00 p.m., the Forester malfunctioned and ignited, causing a fire that destroyed the Forester and the vehicle next to the Forester, and damaged the Fitz home ("Fire").

10. The Fire damage to the Fitz home rendered it unlivable.

11. This shows the Forester in the Fitz garage just after the Fire:



12. Subaru was fairly notified of the Fire and permitted to investigate it and the damage it caused to Subaru's satisfaction.

13. The Forester was in substantially the same condition at the time of the Fire as it was when it was bought. It had not been misused.

14. The Forester failed because Subaru had improperly designed it or improperly constructed it, or both.

15. The Fire and resulting damage reasonably cost more than $300,000 to repair.

16. At the time of the Fire, Earl and Julianne Fitz had valid and enforceable property and automobile insurance policies with State Farm.

17. At the time of the Fire, Caitlin Fitz and Seth Green had a valid and enforceable automobile insurance policy on the Forester with Country Preferred.

18. As required by those policies, the State Farm and Country Preferred ("Carriers") paid for damages caused by the Fire.

19. To the extent of their respective payments to their insureds for the Fire damages, the Carriers are legally and equitably subrogated to their insureds' rights and claims.[1]

20. Having paid on their insureds' underlying property insurance claims, the Carriers now bring these claims, pleaded alternatively and cumulatively:

**Count 1: Products Liability**

21. The Forester is a tangible object or good produced.

22. The Forester is a "product," as that term is defined by section 29-28-102(5) of the Tennessee Code.

23. Subaru was the Forester "manufacturer," as that term is defined by section 29-28-102(4) of the Tennessee Code.

24. Subaru was also the apparent manufacturer of the Forester and all of its components.[2]

25. Subaru was also a Forester "seller," as that term is defined by section 29-28-102(7) of the Tennessee Code.

26. The Forester failed to perform in a manner reasonably expected given its nature and intended function when it failed and caused the November 2021 fire at the Fitz home.

27. The Forester had not been misused after its sale.

28. The Forester was within its expected useful life at the time of the Fire.

29. The Fire was such that would not have occurred without a defect or unreasonably dangerous condition within the Forester.

30. The Forester was unreasonably dangerous and defective in that it:

    a. was dangerous to an extent beyond what would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics; and

    b. would not have been put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition.

---

[1] "Subrogation allows the insurer to 'stand in the shoes' of the insured and assert the rights of the insured against a third party." *York v. Sevier Cnty. Ambulance Auth.*, 8 S.W.3d 616, 618–19 (Tenn. 1999).

[2] *See Travelers Indem. Company v. Industrial Paper & Packaging Corp.* No. 3:02-CV-491, 2006 WL 3864857, at *8 (E.D. Tenn. December 18, 2006).

31. That unreasonably dangerous condition and defect proximately caused the Fire and damage to the Fitz home and personal property, as well as the personal property damage to Fitz and Green in violation of the Tennessee Products Liability Act of 1978, Tenn. Code Ann. §§ 29-28-101 *et seq*.

32. Subaru is thus liable to the Carriers' insureds—and therefore, to the Carriers—for damages caused by the Fire.

**Count 2: Breach of Express Warranty**

33. Subaru issued an express warranty on the Forester to the orginal purchaser(s) of the Forester. (A copy of that warranty is not attached because it is in the possession of the adverse party.[3])

34. One or both of Country Preferred's insureds, Caitlin Fitz and Seth Green, were the original purchasers of the Forester.

35. This express warranty was in effect when the Fire occurred.

36. Subaru breached this express warranty by supplying the Forester with one or more defects in materials or workmanship.

37. Those defects proximately caused the Fire and resulting damage.

38. Subaru is thus liable to Fitz and Green—and therefore, to Country Preferred—for the aforementioned damages caused by the Fire.

**Count 3: Violation of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 U.S.C. §§ 2301 *et seq*)**

39. The Forester was a consumer product; that is, it was tangible personal property distributed in commerce normally used for personal, family, or household purposes.

40. Thus, Subaru's breach of its express warranty on the Forester amounted to a violation of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 U.S.C. §§ 2301 *et seq*.).

41. Subaru is thus liable to Fitz and Green—and therefore, to Country Preferred—for the damages caused by that breach, besides the attorney's fees and costs incurred in bringing this claim, under 15 U.S.C. § 2310(d)(2).

---

[3] *See* Tennessee Rule of Civil Procedure 10.03(2)

**Conditions Precedent**

42. All conditions precedent to bringing this lawsuit have occurred, been performed, or been waived.

**Relief Requested**

43. State Farm and Country Preferred request that they recover the more than $350,000 in damages caused by the defendant's actionable conduct, as well as pre- and post-judgment interest, court costs, expert expense, and any additional sums or relief this Court deems appropriate.[4]

**Plaintiffs Demand a Trial by Jury**

July 15, 2022
Knoxville, Tennessee

Respectfully submitted,

QUIST, FITZPATRICK & JARRARD PLLC

By: /s/ Michael A. Durr

Michael A. Durr (TBA 26746)
800 South Gay Street, Suite 2121
Knoxville, Tennessee 37929
Direct: (865) 312-0440
E-Mail: mdurr@qfjlaw.com
*Attorney for Plaintiffs State Farm & Country Preferred*

---

[4] *See Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000) ("[F]airness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the loss of use of money the plaintiff should have received.")(reversing trial court's denial of prejudgment interest).